IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ROBERT ANTONUCCI, et al.                                                PLAINTIFFS

v.                                                        CAUSE NO. 1:11CV23-LG-RHW

FREEMAN HOMEBUILDERS, LLC, et al.                          DEFENDANTS

## ORDER GRANTING PLAINTIFF'S
## MOTION FOR DEFAULT JUDGMENT

**BEFORE THE COURT** are the Motion for Default Judgment as to B. J. Freeman [73], the Motion for Default Judgment as to Freeman Home Builders, LLC, [74], and the Motion for Default Judgment as to Lot & Land Acquisition, LLC, [75], which were filed by the plaintiffs. After reviewing the Motions, the record in this matter, and the applicable law, the Court finds that the plaintiffs are entitled to a default judgment against B.J. Freeman, Freeman Home Builders, LLC, and Lot & Land Acquisition.

## BACKGROUND

The thirty-six plaintiffs who filed this lawsuit were investors in a business venture orchestrated by the defendants. They have asserted claims of negligence, negligent misrepresentation, breach of contract, breach of fiduciary duty, fraud, and conspiracy.

B. J. Freeman and Freeman Home Builders were served with process, but they have not filed an answer or otherwise defended this lawsuit. Lot and Land Acquisition filed an Answer, but the Answer was stricken pursuant to this Court's Order [31] entered on March 20, 2012. Based upon the representation of counsel,

the plaintiffs have settled their claims against all of the other named defendants for $40,000.00.  The plaintiffs have also sued ten John Doe defendants, who have not been dismissed.

## DISCUSSION

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  The plaintiff may then seek a default judgment pursuant to Fed. R. Civ. P. 55(b).  Although this Court may require a hearing for determining the amount of damages suffered by the plaintiff, the Court finds that a hearing is unnecessary in the present case, because the damages can be easily calculated from the evidence presented.  *See Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998).

In support of their Motions for a Default Judgment, the plaintiffs have submitted an affidavit signed by one of the plaintiffs, Jason Scorza.  In his affidavit, Scorza explains:

> David Irwin and Nolan Saucier, both defendants in this matter, convinced plaintiffs to invest in a "turnkey" operation wherein defendants would function as plaintiffs' real estate agents, select and purchase the lot for the potential investor, obtain pre-approval for each plaintiff's construction loan, assign each plaintiff a builder, find the lowest priced property insurance, refer the plaintiff to a property management company, and/or represent the plaintiff in the eventual sale of his or her property.  Defendants Freeman and Freeman Builders acted in consort with defendants Irwin and Saucier.  So did defendant Lot and Land, L.L.C. which unbeknownst to plaintiffs was comprised of members Irwin and Saucier.

(Scorza Affidavit at 1-2, ECF No. 76).  The defendants told the plaintiffs they would

select properties that qualified for grant funds from the Mississippi Development Authority's Small Rental Assistance Program (SRAP) for the construction of low income rental housing. (*Id.* at 4). However, the properties selected by the defendants did not qualify for SRAP grant funding due to their elevation. (*Id.* at 4-5). Since the defendants had promised the plaintiffs a $36,500.00 SRAP grant for each of the thirty-nine lots they purchased, the plaintiffs have suffered damages totaling $1,423,500.00. (*Id.* at 5). The plaintiffs have already received a $40,000.00 settlement. Therefore, they are entitled to recover damages in the amount of $1,383,500.00 from the remaining defendants. The Court finds that the defendants should be held jointly and severally liable pursuant to Miss. Code Ann. § 85-5-7(4).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for Default Judgment as to B. J. Freeman [73], the Motion for Default Judgment as to Freeman Home Builders, LLC, [74], and the Motion for Default Judgment as to Lot & Land Acquisition, LLC, [75], which were filed by the plaintiffs are **GRANTED**. The plaintiffs are granted a default judgment against B. J. Freeman, Freeman Home Builders, LLC, Lot & Land Acquisition, LLC, jointly and severally, in the amount of $1,383,500.00.

**SO ORDERED AND ADJUDGED** this the 7th day of March, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE